MONTFORT et al. v. COMMISSIONERS'
COURT OF NAVARRO COUNTY et al.
(No. 8420.)

(Court of Civil Appeals of Texas. Dallas.
Nov. 20, 1920. Rehearing Denied
Dec. 18, 1920.)

1. Highways ⬅91 — County commissioners
held proper members of a district board.

All the county commissioners of Navarro
county were proper members of road board of
district No. 1, it appearing that the road dis-
trict embraced a portion of all the commission-
ers' precincts, and as such members were en-
titled to participate in all of the deliberations
and actions of such board.

2. Highways ⬅95(2)—Handling of funds by
road districts lodged exclusively in road
boards of such districts.

Under the special road law of Navarro
county, the discretion with reference to the
handling of funds from road bonds of road
district No. 1 and road district No. 12 is lodged
solely in the road board of such districts, and
the road boards of such districts are given ex-
clusive care and management of the expendi-
ture of such funds.

3. Highways ⬅105(2)—District boards held
to have right to act with commissioners'
court in construction of state highway.

The road boards of district No. 1 and of
district No. 12 in Navarro county have the law-
ful right to act and work in connection with
the commissioners' court of such county and
advise with such court looking to the construc-
tion of state highway No. 14, federal project
No. 58, extending through both of such dis-
tricts as a unit or a continuous highway, just
so long as the road boards of districts Nos. 1
and 12 do not surrender their judgment and
discretion to that of the commissioners' court.

4. Highways ⬅105(2)—District boards held
to have right to request commissioners' court
to make application to highway department
for federal aid.

Road boards of districts Nos. 1 and 12 of
Navarro county had the lawful right to request
the commissioners' court of the county to make
application to the state highway department
for federal aid in the construction of state high-
way No. 14, federal project No. 58; it appear-
ing that the state highway department required
this method of procedure, and such road boards
had the right to pledge use of the funds of
each of such boards to be utilized in the build-
ing of the road in question in their respective
districts.

5. Highways ⬅105(2) — Funds of district
boards must be expended in own district, but
commissioners' court may supplement funds
appropriated.

The funds appropriated respectively by road
districts No. 1 and road district No. 12 in Na-
varro county must be expended by the road
board of each district within the confines of
its own district, but the commissioners' court
can supplement such funds to whatever amount
is necessary by its resolution to finish the con-

struction of state highway No. 14, federal proj-
ect No. 58, with the consent of such boards,
and such supplemental funds may be expended
on any part of the proposed highway in either
of such road districts, in the discretion of the
commissioners' court.

6. Highways ⬅105(2)—Commissioners' court
cannot pay engineer for construction of state
highway out of road district funds.

Commissioners' court of Navarro county
cannot contract with or pay the county engi-
neer working on state highway No. 14, federal
project No. 58, any of the funds belonging to
road district No. 1 or road district No. 12;
but such compensation must be contracted by
the road boards respectively as to their own
funds.

7. Evidence ⬅83(4)—Compensation contract-
ed for engineer held not to be anticipated as
violating road law.

Under orders of road boards in Navarro
county under which they are to pay county
engineer employed on state highway No. 14,
federal project No. 58, 3 per cent. of the
amounts apportioned by the boards respective-
ly, totaling $120,000, the court cannot anticipate
that in the payment of such per cent. the
boards will attempt to violate the provisions of
the special road law, wherein the compensation
of the county engineer is limited to $3,000
per year for his services in each of such dis-
tricts respectively.

8. Highways ⬅105(2) — County commission-
ers' court held to have authority to pledge
good faith of county as to maintenance of
state highway out of tax funds.

The commissioners' court of Navarro coun-
ty had legal authority to pledge to the state
highway department the good faith of the
county to see that state highway No. 14, fed-
eral project No. 58, after being constructed,
shall be properly maintained, and such court
has the legal right to pledge such maintenance
out of the general road tax and the mainte-
nance tax of road district No. 1 and the funds
obtained from the automobile tax for this pur-
pose.

9. Highways ⬅105(2) — County commission-
ers' court and district boards held to have
right to rescind action and adopt new resolu-
tions to make their prior action clear.

The commissioners' court of Navarro coun-
ty had the lawful right to rescind its action or
resolution theretofore passed concerning state
highway No. 14, federal project No. 58, and
such court and the road boards of districts Nos.
1 and 12 had each the right and authority to
pass and adopt new resolutions necessary to
make their action entirely clear as to the or-
ders theretofore passed by such court and such
boards.

10. Highways ⬅105(2)—County commission-
ers' court held to have right to appoint road
engineer of state road.

Commissioners' court of Navarro county
had the right to appoint a road engineer for
the supervision and construction of state high-
way No. 14, federal project No. 58, it being
necessary to do so in order to secure federal aid

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

from the state highway department, although the compensation of such engineer as to the funds of road districts Nos. 1 and 12 must be paid by the road boards of such districts and out of their respective funds.

Appeal from District Court, Navarro County; F. L. Hawkins, Judge.

Suit by W. F. Montfort and others against the County Commissioners' Court of Navarro County and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Richard Mays and A. P. Mays, both of Corsicana, for appellants.

Callicutt & Johnson, of Corsicana, for appellees.

RAINEY, C. J. Appellants brought this suit to enjoin the appellees, county commissioners' court, naming them; and the board of permanent road commissioners of district No. 1 of Navarro county, and board of road commissioners No. 12, giving their names, J. G. Christian, claiming to be a member of one of said road boards, which is not admitted but denied by plaintiffs; Chas. Chappell, engineer of District No. 1, and pretending to be under a void order of appointment county engineer of Navarro county; and J. R. Currington, sheriff of Navarro county.

The petition complains of various alleged acts of the commissioners' court committed by said court and the board of permanent road commissioners, which are alleged to be illegal, and which acts were committed without authority of law and are illegal and void, etc.; that the commissioners' court was a legal entity created and operating under the (R. 2) Constitution and laws of Texas with limited powers and jurisdiction, pertaining to the county interest and concern; that the said road board is also a legal entity created and operating under a special law passed by the Legislature of the state of Texas, applicable only to Navarro county, and with limited powers and jurisdiction pertaining to road districts only and their improvement, as may be created in subdivisions of said county from time to time.

The application for temporary injunction was presented to and tried by Hon. F. L. Hawkins, judge of the Fortieth judicial district of Texas, at Waxahachie, in chambers, and, after hearing the evidence and the various pleadings, denied the injunction, and the plaintiffs appealed the cause to this court.

The findings of the court were as follows:

"In Chambers, Waxahachie, Texas,
Jan. 2, 1920.

"Judgment of the Court on Application for Temporary Writ of Injunction.

"Plaintiffs' original petition and supplemental petition, filed by leave of the court, for a temporary injunction in the foregoing cause, having been presented to me, and upon consideration of the same, together with the original answer of certain defendants thereto, and the supplementary answer of said defendants thereto, and plaintiffs' supplementary plea, the two latter being filed on December 31, 1919, and setting certain orders made by the commissioners' court of Navarro county, Tex., on the 29th day of December, 1919, and also certain orders and resolutions made by the road boards of districts Nos. 1 and 12, said latter pleas having been filed by leave of the court, and the evidence, both oral and documentary, having been introduced upon the issues, and after having heard argument thereon for the respective parties, and upon consideration thereof, here finds and enters judgment upon the pleadings presented and the evidence, and makes and enters the following findings and judgment, to wit:

"In view of the orders of the commissioners' court and the resolutions of the road boards of districts Nos. 1 and 12, entered by them respectively on December 29, 1919, having included a reference to the findings of the court, which findings were not intended to be filed as an order of the court but only intended at that time for the use of the attorneys for formulating an order on the temporary injunction, in order to complete the record, it appearing necessary that those findings be also filed as a part of the record in the cause, it now appears proper (although unusual) for the court to include, as a part of his order on the hearing for temporary injunction, his findings on the issues submitted by the pleadings and the evidence.

"I. I find no abuse of discretion on the part of the road board No. 1, nor of road board No. 12, nor of the commissioners' court of Navarro county, as complained of by plaintiffs.

"II. I find no abuse of discretion on the part of the road board of district No. 12 in having apportioned the sum of $40,000 for building the road in question, being known as the 'Exall Highway,' or 'State Highway No. 14, Federal' project No. 58,' and I find no abuse of discretion on the part of the road board of district No. 1 in apportioning the sum of $80,000 for that purpose.

"III. I find that the first amount set apart or appropriated by the road board of district No. 1 for use upon the road in question would not in any way prevent said board from making an additional allotment of funds arising from sale of bonds for the same purpose, and as to what amount was necessary for said board to make in the way of additional allotment to construct the road in question was in the sole discretion of said road board, and that said road board could withdraw funds from any other road in said district No. 1 where improvements had been contemplated and allot said funds to the road in question.

"IV. I find that J. G. Christian was and still is a legal member of road board No. 1, and that he was entitled to and did participate in all the proceedings of said road board, and that his vote as to the appropriation of the $80,000 for the construction of the road in question was a legal vote. I further find, however, that said road board of district No. 1 has since and during the pendency of this suit, on, to wit, the 29th day of December, 1919, duly approved the action of the board theretofore made appropriating the $80,000 by a majority vote.

[1] "V. I find that all the county commissioners of Navarro county are proper members of road board of district No. 1, it appearing that the district embraces a portion of all the commissioners' precincts, and the court holds that all the commissioners of Navarro county, Tex., are members of said road board No. 1, and were entitled to participate in all of the deliberations and actions of said board.

[2] "VI. I find that under the special road law of Navarro county the discretion, with reference to the handling of funds from the road bonds of road district No. 1 and of road district No. 12, is lodged solely in the road board of said districts, and that said boards of said districts are given exclusive control, care, and management of the expenditure of such funds.

[3] "I find that said road boards of district No. 1 and of district No. 12 have the lawful right to act and work in connection with the commissioners' court of Navarro county, and advise with said court, looking to the construction of the highway in question, extending through both of said districts, as a unit, or continuous highway from the northern boundary of the city of Corsicana to the Ellis county line, just so long as the road boards of districts Nos. 1 and 12 do not surrender their judgment and discretion to that of the commissioners' court.

[4] "I further find that said boards have the lawful right to request that the commissioners' court make application to the state highway department for federal aid, it appearing from the evidence that the state highway department requires this method of procedure, and that said road boards of districts Nos. 1 and 12 had the right to pledge the use of the funds of each of said road boards, to be utilized in the building of the road in question in their respective districts.

[5] "I further find that the $80,000 apportioned by district No. 1 must be expended by said board of district No. 1 on that portion of said highway located within said district; and I further find that the $40,000 apportioned by road district No. 12 must be expended by the road board of that district within the confines of said district No. 12; and I further find that the commissioners' court can supplement said funds apportioned by said road boards to whatever amount is necessary by its resolution to finish the construction of said proposed highway, and is authorized by law, with the consent of said boards and at their request, to make a project agreement to that effect with the state highway department of Texas. And it further appears to the court, and the court so finds, that said road boards and the said commissioners' court did on the 29th day of December, 1919, pass resolutions with reference to the construction of said road and the expenditure of said funds and the advertising for bids and the making of contracts in accordance with the law and in accordance with the special road law of Navarro county.

"VII. I further find that it is necessary that the commissioners' court and that the road boards of districts Nos. 1 and 12 must approve the amended plans, specifications, and estimates of the engineer, Charles Chappell, as to the construction of said road in question, and that said road board of district No. 1 must approve the plans and specifications as to that part of the road embraced within said district No. 1, and that the road board of district No. 12 must approve the same as to that part of the road within district No. 12, and that said road board must join in all contracts made therefor. And the court further finds that each of said road boards and said commissioners' court have passed and adopted and entered of record proper minutes and resolutions requiring all of the above matters to be done in accordance with the law and in accordance with the special road law of Navarro county.

"VIII. The court further finds that the supplemental funds to be furnished and pledged by the commissioners' court for the construction of the road in question, over and above the $120,000 apportioned and appropriated by said road boards of districts Nos. 1 and 12, being necessary to complete said highway, in conjunction with the federal aid of $160,000, obtained or to be obtained from the state highway department, may be expended on any part of said proposed highway, either on that part of the same situated in road district No. 1 or road district No. 12, in the discretion of said commissioners' court, and said state highway department and its agents and representatives.

[6, 7] "IX. I further find that said commissioners' court cannot contract with or pay Charles Chappell, as county engineer, any of the funds of the $80,000 of said road district No. 1, or of the $40,000 of road district No. 12, but that his compensation must be contracted by said road boards respectively as to said funds. But the court further finds that each of said road boards and the commissioners' court have now so provided for the payment of the services of said Chappell in such a way as not to be violative of the provisions of the special road law of Navarro county nor of the general law under which the commissioners' court is acting. Under the orders of road boards Nos. 1 and 12, made by them respectively on December 29, 1919, under which they are to pay said Chappell 3 per cent. of the amounts so apportioned by the boards respectively, the court cannot anticipate that in the payment of this per cent. they will attempt to violate the provisions of the special road law, wherein the compensation of said Chappell is limited to $3,000 per year for his services in each of said districts respectively.

[8] "X. The court further finds that the commissioners' court has the legal authority to pledge to said state highway department the good faith of Navarro county to see that the road in question, after being constructed, shall be properly maintained, and that said commissioners' court has a legal right to pledge such maintenance out of the general road tax and the maintenance tax of district No. 1 and the funds obtained from the automobile tax for this purpose.

[9] "XI. The court further finds that the commissioners' court of Navarro county had and has the lawful right to rescind the action or resolutions of said commissioners' court heretofore passed, and that said commissioners' court and said road boards have each the right and authority to pass and adopt such resolutions as may, in the judgment of the commissioners' court and each of said boards, be necessary to make the action of said boards and said court entirely clear as to the orders

heretofore passed by said court and said boards, and especially the orders and resolutions adopted by said court on December 13, 1919. And the court further finds that said commissioners' court did pass such proper and suitable resolutions on said 29th day of December, 1919, and that the said boards of road districts Nos. 1 and 12 did also under said date pass suitable resolutions with reference to the construction of said proposed road, in accordance with law and in accordance with the special road law of Navarro county, and with reference to the adoption and approval of the amended plans, specifications, and estimates of the engineer and the expenditure of said funds by said court and said respective road boards.

[10] "XII. The court further finds that the commissioners' court of Navarro county has the right to appoint a road engineer for the supervision and construction of the road in question, it being found by the court that it is necessary to do so in order to secure federal aid from the state highway department; but, as above stated, the court finds that the compensation of said engineer, as to the funds of road districts Nos. 1 and 12, must be paid by said road boards and out of their respective funds. The court further finds that the action of said road boards and said commissioners' court, as passed and entered of record on the 29th day of December, 1919, complies with the law with reference to the construction of said highway, and the special road law of Navarro county, as the same are understood by this court.

"XIII. I further find that the commissioners' court has no legal right to enter into a contract with the state highway department, or any other party, with reference to the expenditure of funds belonging to such districts Nos. 1 and 12, and has no right to pledge the good faith of the county to such highway department to use any additional funds from the sale of road bonds in either of said districts for the construction of the road in question, except the $40,000 from district No. 12 and the $80,000 from district No. 1, which said last-named funds are to be expended by said boards respectively under the other findings of the court. And the court further finds that the resolution and minutes of said court and of said boards, passed by them respectively on December 29, 1919, now make clear the intention and purpose of said court and boards respectively, as to the proposed expenditure of said funds, and that an additional appropriation by the commissioners' court is not to be made of the funds of either of the said districts.

"XIV. I further find that, as above stated, the commissioners' court has no legal right to control the funds furnished by road boards Nos. 1 and 12; and it now appears to the court, from the resolutions and orders of said court of date December 29, 1919, that said commissioners' court is not now attempting to do so.

"XV. It now appearing to the court that the commissioners' court of Navarro county, Tex., has, by suitable resolutions and orders, corrected the matters wherein the court thought it had exceeded its authority, as suggested in the findings communicated to the attorneys on December 23, 1919 (now made a part of the record in this cause), the reasons no longer exist for which the court would feel authorized to grant a temporary injunction.

"It is therefore ordered, adjudged, and decreed by the court that the temporary injunction sought and prayed for by the plaintiffs in their pleadings now before this court be and the same is hereby denied and refused, and the commissioners' court of Navarro county, Tex., and the road board of district No. 1 of Navarro county, Tex., are hereby authorized to take such other and further proceedings as may be necessary for the advertisement, contracting for the construction of said road and highway in question as are not inconsistent with the findings of the court, but must be in strict compliance therewith. And as to the board of road district No. 12 not being a party to this suit, the findings of the court are only suggestive as to the action to be taken by said road board of district No. 12.

"F. L. Hawkins,
"Judge of the 40th Judicial District of Texas.
"Entered of record on the minutes of the district court of Navarro county, Texas, this 25th day of January, 1920. W. T. Hipps, Clerk District Court, Navarro County, Texas, by J. S. Harllee, Deputy."

The court has examined the evidence adduced before Judge Hawkins, which was carefully considered by him, and he has reached the correct conclusions from them, and said conclusions have been adopted as above copied and made the conclusions of this court. We find that his conclusion that the road boards and the commissioners' court were authorized to make clear their meaning in reference to the adoption of new minutes so their meaning would not be misunderstood, and the court did not err in allowing them as amended to be introduced in evidence. We also find that no illegal conspiracy was shown, and the commissioners' court and the two boards did not act without proper discretion. It shows a proper regard for the wants of the people of Navarro county, and does not violate the law as to building the highway.

The judgment is affirmed, and the injunction is denied.